■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. TRUCCHIO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 26, 1974, convicting him of possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Questions of fact have not been raised or considered on this appeal. At about 1:20 A.M. on November 9, 1973, Police Officer Cummo, who was then "off duty", was seated at a table with friends at the Broadcasters Inn, in Queens County. He observed a man seated at the bar, who was unidentified except as hereinafter set forth, attach a bullet clip to the opened side of a gun and pass it to defendant. Defendant placed the gun in his belt under his jacket. In response to a telephone call made at Officer Cummo's behest, the police arrived and arrested defendant, within five minutes of the passing of the gun. Defendant testified the gun had been handed to him by a person whom he knew only as "Tommy". He had met Tommy on several prior occasions at the Broadcaster's Inn. He did not see Tommy attach the clip to the gun. Tommy had pushed the gun into defendant's hand and had asked him to hold it as a favor to him while he went to the men's room. Instinctively, and without realizing the possible consequences of his act, defendant took the gun as a favor to Tommy. He held the gun for the five minutes until his arrest. Tommy was not arrested or found by the police. The trial court, in the first instance, properly submitted to the jury the question whether defendant's intention in accepting the gun from Tommy had been unlawful. Then, after the jury commenced its deliberations and forwarded various questions to the court concerning intent, the jury was brought back for further instruction and told "you are to disregard, dismiss from your minds, that portion of my instructions to you that dealt with intent or criminal intent." Defendant's counsel excepted to that further charge. He argued, *inter alia,* that under the circumstances of the case, the jury should have been instructed to consider whether his client's possession of the gun was unlawful. Although intent is not by statute a necessary ingredient of the crime charged, case law indicates that, where there is evidence in the record that defendant's possession of the weapon might have been innocent, the jury should be instructed that it might find that such possession was innocent *(People v Harmon,* 7 AD2d 159, 161; *People v Furey,* 13 AD2d 412, 414). Here, the jury should have been instructed, when it requested further instructions, that it was within its province to credit or reject defendant's testimony and that it could find that his possession was innocent. Since defendant admitted possession of the gun, the withdrawal by the court of the jury's right to consider his "intent" in its possession was tantamount to a directed verdict of guilty. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.