■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. REAGAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered December 4, 1974, convicting him of possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Questions of fact have not been raised or considered. It was error in the circumstances of this case to permit the witness called by the People in rebuttal to testify. Because of a misapprehension of defendant's testimony on cross-examination, the trial court ruled that the proffered rebuttal testimony was proper. In fact, based upon a correct reading of defendant's testimony on cross-examination, the rebuttal testimony was improper and its presentation to the jury greatly prejudiced defendant. Moreover, the trial court further erred in denying defense counsel's requested charge regarding temporary possession of a weapon (People v Trucchio, 47 AD2d 934). Rabin, Acting P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TRISVAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 15, 1973, convicting him of assault in the second degree and possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The complainant and appellant had known each other since childhood. Sometime before noon on November 23, 1972 appellant went to complainant's apartment in order to wake him up. He had brought two bottles of wine with him, which they consumed immediately. Thereafter they went to a nearby bar to drink, and continued drinking wine throughout the day. That night they met a third person at a bar. The three of them later returned to complainant's apartment, bringing both wine and drugs with them. Complainant and appellant "mainlined" narcotics at the apartment, each using one "bag". When the complainant's mother arrived at the apartment, an argument ensued between appellant and complainant because the latter had left the "works" (narcotics paraphernalia) on the floor within sight of his mother. Complainant pushed appellant and, after some shoving, appellant pulled out a gun and shot complainant in the stomach. In our opinion, in light of the uncontested evidence that appellant had, shortly before the shooting, consumed large quantities of alcohol and injected himself with heroin, the jury could have found that he lacked the requisite intent to commit the crime of assault in the second degree (see People v Orr, 43 AD2d 836, affd 35 NY2d 829; People v Lee, 35 NY2d 826; People v Piranian, 47 AD2d 668), and possibly even the crime of weapons possession (cf. People v Carlo, 46 AD2d 764). As to the latter conviction, it should be noted that the possession must be voluntary in order to be culpable; appellant may have obtained possession of the gun at a time when he had been too drunk to have known what he was doing. At the very least, this was a question for the jury to determine. An instruction as to intoxication was required in the interest of justice, there having been no request for such an instruction (see People v Van Zandt, 224 NY 354; People v Koerber, 244 NY 147). Rabin, Acting P. J., Hopkins, Martuscello, Christ and Shapiro, JJ., concur.