■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT VALENTINE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 17, 1975, convicting him of possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to have been established. As a defense to the charge that he illegally possessed a revolver, defendant introduced evidence at the trial to show that he was intoxicated when he came into possession of the revolver and that he did not remember how it found its way into his waistband. During the trial, the court made it clear that it believed the defendant could be convicted even if the juy believed he was intoxicated when he acquired the revolver because the crime involved did not require *mens rea.* In its charge to the jury, the trial court read section 15.25 of the Penal Law, which concerns the effect of intoxication upon liability. However, the meaning of that section was not explained to the jury or in any manner related to the evidence. Later in the charge, the trial court instructed the jury that it should convict defendant if it found that he had indeed possessed the weapon. The charge to the jury was inadequate. Possession of a weapon must be voluntary in order to be culpable *(People v Trisvan,* 49 AD2d 913). Where there is evidence in the record that defendant's possession of the weapon might have been innocent, the jury should be instructed that it could find that such possession was innocent (see *People v Trucchio,* 47 AD2d 934). The charge here failed to adequately instruct the

jury on these principles. To the contrary, the jury was led to believe that a standard of strict liability was applicable. A new trial is therefore required. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.