■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BELKNAP, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered February 18, 1976, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree. The record in this case reflects that one undercover State Police officer and a private individual working with the State Police testified that defendant asked the officer if she was "looking for something" and she responded "sure"; that she asked defendant what he had and he said "Well, I can do you one ounce". Thereafter, defendant and the other two individuals drove from Gloversville to Johnstown where defendant left the car for 10 minutes. They then drove back toward Gloversville and en route defendant rolled a "joint" which was passed around and he then handed the officer a bag containing what was later analyzed as marijuana and she handed him $20 in cash. Defendant testified that he rolled the "joint" using marijuana provided by the officer; that she asked if he knew where she could buy some more and she gave him $20 with which to make the buy; and that the same was made for the officer. On this appeal defendant contends that the prosecution failed to disprove the defense of agency beyond a reasonable doubt. This argument is unavailing. Whether the defendant was an agent of the buyer or the seller was a question of fact to be decided by the jury, and the prosecution produced ample evidence to support the verdict. A reasonable doubt on the issue of agency could arise only from defendant's own testimony. His credibility and that of the prosecution witnesses were for the jury to determine. Defendant also argues that the trial court erred in failing to charge that the People had the burden of disproving the defense of agency beyond a reasonable doubt. However, a reading of the entire charge, including the additional instructions given by the trial court when the jury requested that the testimony of the participants to the exchange of the drug and cash be read back and upon request to again define "sell" and to distinguish "seller" from "agent" leaves no doubt that the jury was properly and adequately charged as to the relationship between agency and the sale element of the crime. It is also clear that the jury was apprised of the burden of proof on the issue of agency. In addition, it is noted that defendant took no exception after either the original charge or the clarification in response to the jury's request, to the court's failure to charge in so many words that the People had the burden of disproving agency beyond a reasonable doubt. Nor did defendant request the court to so charge. Defendant's additional contentions are without merit. The request by defendant for new counsel and by counsel to be relieved were properly denied. There is nothing in the record to indicate that defendant's attorney did not provide able and competent representation, and the defendant indicated to the court his satisfaction with the ·manner in which he was represented by his

attorney. The motion for a mistrial based upon alleged misconduct of a juror was properly denied. A hearing was held at which all parties were afforded an opportunity to be heard and to ask questions, and no competent proof was adduced to indicate the defendant was prejudiced in a substantial right. In the light of defendant's record and the fact that he could have received a maximum sentence of 15 years it cannot be said that the trial court abused its discretion in imposing an indeterminate term of imprisonment with a maximum of eight years and a minimum of four years *(People v Dittmar,* 41 AD2d 788). Judgment affirmed. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.