■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR L. SUMMER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 7, 1977, convicting him of criminal mischief in the fourth degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was charged with the crimes of attempted burglary in the third degree and criminal mischief in the fourth degree. As a lesser included crime of attempted burglary, defense counsel requested that the trial court charge trespass, noting that there were two possibilities as to the degree of such crime to be considered, criminal trespass in the third degree, a class B misdemeanor, and simple trespass, a violation. The trial court stated it would charge only as to the misdemeanor and it did so. That was error. Under the facts of the case, a question of fact for the jury was presented as to whether the defendant actually entered the office of the service station he was charged with attempting to burglarize. Having been charged with regard to criminal trespass in the third degree only, the jury was not permitted by the trial court to make such a determination. However, there is a reasonable view of the evidence under which the jury could have acquitted the defendant of criminal trespass in the third degree and convicted him of simple trespass. Accordingly, the trial court should have

granted defense counsel's request which, though obscure and bordering on equivocality, placed the issue before it (see CPL 300.50). Additionally, the trial court's charge as to the defendant's intoxication was not adequate. The arresting police officers testified that when they arrested the defendant immediately following the commission of the acts he is charged here with committing, he was apparently inebriated. In summation, defense counsel consistently referred to defendant's drunken state as having some bearing upon his commission of the acts charged. In its initial charge, the trial court made no mention of the effect of voluntary intoxication upon the defendant's guilt or innocence. When defense counsel objected thereafter, the trial court merely charged the jurors in the exact words of the statute (Penal Law, § 15.25), without in any way relating the statute to the facts of this case. To be guilty of criminal mischief in the fourth degree one must, *inter alia,* possess the specific intent to damage the property of another (Penal Law, § 145.00). The defendant's intoxication could have negated the intent necessary to commit this crime (see *People v Orr,* 43 AD2d 836, affd 35 NY2d 829). Had the trial court related the law to the facts, as it should have (see CPL 300.10, subd 2), the defendant might have been acquitted of this crime. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.