■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CESARE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 31, 1977, convicting him of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The most serious error in this record is the failure of the trial court to adequately explain to the jury the effect of intoxication on criminal liability or to relate the relevant section of the Penal Law (§ 15.25) to the facts (cf. *People v Valentine,* 54 AD2d 568). While the evidence against the defendant was very strong, a properly charged jury might have found that he was too intoxicated to have acted knowingly or with intent. The error deprived the defendant of a fair trial and the judgment of conviction must therefore be reversed. While it is unnecessary to reach the other issues raised on this appeal, certain comments are in order. While the trial court did not abuse its discretion in denying the defendant's *Sandoval* motion, it would have been better practice to set forth the grounds for the denial on the record in sufficient detail to show that it balances all of the relevant factors in arriving at a decision (see, generally, *People v Mayrant,* 43 NY2d 236, 240). We also note that a photograph need not perfectly represent the scene of a crime as it existed on the day the crime occurred in order to be admissible into evidence. It need only be relevant and accurately represent those aspects of the crime scene that are material (cf. *Saporito v City of New York,* 14 NY2d 474, 476-477). Suozzi, J. P., O'Connor, Lazer and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JAMES CRUMP, Appellant.—Appeal by defendant, as limited by his motion, from an amended sentence of the County Court, Suffolk County, imposed July 14, 1976, upon his conviction of attempted burglary in the third degree, the sentence being an indeterminate prison term with a maximum of three years, which was imposed following the revocation of a sentence of probation. Amended sentence modified, as a matter of discretion in the interest of justice, by reducing it to a five-year period of probation and case remanded to the County Court to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. GILLIGAN, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Westchester County, imposed April 13, 1978, upon his conviction of manslaughter in the first degree, on a plea of guilty, the sentence being an indeterminate prison term with a maximum of 18 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing the maximum period of imprisonment to 10 years. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Suozzi, J. P., O'Connor, Rabin and Gulotta, JJ., concur.