■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRUNNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 18, 1978, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of assault in the first degree to one of assault in the second degree, and by vacating the sentence imposed thereon. As so modified, judgment affirmed and case remitted to Criminal Term for resentence in accordance herewith. Section 120.10 of the Penal Law provides: "A person is guilty of assault in the first degree when: * * * 2. With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person". Although the assault here was particularly vicious, the proof was insufficient to bring the crime within the purview of assault in the first degree. We hold, however, that the facts established that defendant intended to cause serious physical injury to the victim, thus warranting a conviction of the lesser included offense of assault in the second degree (see Penal Law, § 120.05, subd 1; CPL 470.15, subd 2). Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMPERSAUD BUDHU, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered January 26, 1978, convicting him of manslaughter in the first degree, attempted murder in the second degree, criminal possession of a weapon in the fourth degree (two counts) and menacing, upon a jury verdict, and imposing sentence. Judgment affirmed. At the trial, the defendant offered evidence to support the defense of lack of criminal responsibility by reason of mental disease or defect. He also offered evidence that he was intoxicated at the time he killed his victim. The People offered evidence in rebuttal, thereby creating an issue of fact for the jury as to defendant's mental capacity and intoxication at the time of the crime. The verdict of the jury imports a finding that the defendant did not suffer from any mental disease or defect at the time of the crime and possessed the requisite intent. A verdict will not be interfered with " 'unless it is clearly against the weight of evidence, or appears to have been influenced by passion, prejudice, mistake or corruption' " (People v Horton, 308 NY 1, 12). Such is not the case here. We have examined the remaining contentions of defendant and find them to be without merit. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.