■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH LAWRENCE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 13, 1974, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was charged with murder in the stabbing death of Lynwood Banks. As a defense to this charge, defendant alleged that he had been intoxicated at the time the stabbing occurred. At trial, witnesses for both the prosecution and the defense indicated that the defendant had been drinking, although their opinions as to the state of his drunkenness varied in degree. The trial court submitted the case to the jury with instructions on the crime of murder (see Penal Law, § 125.25) and, alternatively, manslaughter in the first degree (see Penal Law, § 125.20) and manslaughter in the second degree (see Penal Law, § 125.15). As the first two crimes involved the element of intent, the trial court charged the jury with respect to intoxication (see Penal Law, § 15.25). While the jury was instructed in general terms as to the effect of intoxication on the elements of the crime charged, the trial court failed to explain the principle fully or to relate the effect of intoxication to the specific element of intent contained in the crimes of murder and manslaughter in the first degree (cf. CPL 300.10, subd 2). Instead, the trial court merely read section 15.25 of the Penal Law to the jury with little elaboration. By this charge, the defendant was deprived of the jury's proper consideration of the issue of intoxication (see People v Cesare, 68 AD2d 938; People v Summer, 64 AD2d 658; People v Valentine, 54 AD2d 568). If the jury had been adequately charged—a finding of intoxication would negate the defendant's intent to kill or cause serious physical injury—it might have determined that the defendant was guilty only of manslaughter in the second degree, a crime which does not involve the element of intent (see Penal Law, § 125.15). For this reason a new trial is necessary (see People v Cesare, supra; People v Summer, supra; People v Valentine, supra). Although in light of our determination that a new trial is warranted and we need not reach the issue, we note that the trial court should have held a hearing to determine whether circumstances surrounding the jury's note to the Judge, received prior to the case being submitted to them, amounted to misconduct which prejudiced the defendant's right to a fair trial (see United States v Hockridge, 573 F2d 752, cert den sub nom. Easton v United States, 439 US 821; People v Gordon, 77 AD2d 662; People v Belknap, 57 AD2d 970). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.