■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY W. CRUZ, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Barbiero, J.), rendered December 15, 1981, convicting him of rape in the first degree (six counts) and sodomy in the first degree (nine counts), upon a jury verdict, and imposing sentence. Judgment affirmed. Appellant raises an issue with regard to the charge as to reasonable doubt. While some of the language may have been imperfect, the charge as a whole adequately instructed the jury on the law as to reasonable doubt. In any event, no exception was taken to the charge (see *People v Jones,* 55 NY2d 771, 773; *People v Ortiz,* 92 AD2d 595). We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN E. GARGUILO, Appellant. — Appeal by defendant from two judgments of the County Court, Suffolk County (Buckley, J.), both rendered May 14, 1982, convicting him of robbery in the second degree, and attempted robbery in the second degree (two counts), upon his pleas of guilty, and imposing sentences. Judgments affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN GARSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered February 17, 1983, convicting him of murder in the second degree, upon a jury verdict, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentences. Judgment modified, on the law, by reversing the conviction for murder in the second degree, and vacating the sentence imposed thereon. As so modified, judgment affirmed, and new trial ordered as to the charge of murder in the second degree. In light of the trial evidence that defendant may have been intoxicated at the time he shot his victim, the court correctly instructed the jury with respect to section 15.25 of the Penal Law, and explained that intoxication could negate the intent element of the crimes charged. However, it was reversible error to refuse to charge manslaughter in the second degree (Penal Law, § 125.15) as a lesser included count of murder in the second degree because the jury could have concluded that defendant acted recklessly rather than intentionally in causing the death of his victim (see *People v Lawrence,* 78 AD2d 702; *People v Jenkins,* 93 AD2d 868). The defendant was also convicted of criminal possession of a weapon in the third degree, upon his plea of guilty. His motion to suppress the weapon, which was not the murder weapon and was not introduced in evidence at the homicide trial, was properly denied. Accordingly, this conviction must remain undisturbed. We find no merit in defendant's other contentions. Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.