■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT WEEMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered November 29, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was charged with murder in the second degree and criminal possession of a weapon in the fourth degree in connection with the death, by beating, of Tomaso Provenzano. In defense to the murder charge, defendant alleged that he lacked criminal responsibility by reason of a mental disease or defect and also presented evidence that at the time of the incident he was intoxicated as a result of his ingestion of the drug commonly known as "P.C.P.". Although the trial court charged the jury on the crimes of murder in the second degree (see Penal Law, § 125.25, subd 1), and, alternatively, manslaughter in the first degree (see Penal Law, § 125.20, subd 2) and issued adequate instructions with respect to intoxication, it refused to charge manslaughter in the second degree as a lesser included count of murder in the second degree. The court properly refused to so charge. Under the facts of this case, wherein the defendant repeatedly struck the victim over the head with a metal pipe, there was no reasonable view of the evidence which would support a finding that defendant's conduct was reckless (see CPL 300.50; *People v Shuman,* 37 NY2d 302; cf. *People v Garson,* 97 AD2d 518; *People v Lawrence,* 78 AD2d 702).

With regard to defendant's remaining contention, the record establishes that the People proved beyond a reasonable doubt that defendant had a substantial capacity to know and appreciate the nature and consequences of his conduct and that such conduct was wrong (see *People v Wood,* 12 NY2d 69; *People v Levan,* 85 AD2d 779; *People v Budhu,* 72 AD2d 587; Penal Law, § 30.05). Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.