■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT WASHINGTON, Respondent. [618 NYS2d 32] —Order, Supreme Court, Bronx County (Richard Lee Price, J.), entered January 28, 1993 which, *inter alia,* granted defendant's motion for inspection of the Grand Jury minutes and, upon inspection, dismissed indictment no. 7575/92 for insufficiency of evidence, unanimously reversed, on the law, the indictment reinstated, and the matter remanded to the Supreme Court for further proceedings.

Upon examination of the Grand Jury minutes, the Supreme

Court dismissed the indictment charging defendant with the crimes of criminal possession of a weapon in the third and fourth degrees (Penal Law § 265.02 [4]; § 265.01 [1]) because no evidence was presented to the Grand Jury concerning defendant's "possession, or lack thereof, of a license for the recovered gun." In *People v Kohut* (30 NY2d 183, 187) the Court of Appeals stated: "Essential allegations [in indictments] are generally determined by the statute defining the crime. If the defining statute contains an exception, the indictment must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense."

The statutory exemption of licensed persons from prosecution for criminal possession of a weapon is not found in the two sections of the Penal Law defining criminal possession of a weapon in the third and fourth degrees. Rather, the exemption is found in a different statute, Penal Law § 265.20 (a) (3). Accordingly, the evidence before the Grand Jury was not legally insufficient merely because it did not establish prima facie that the defendant had no license for the revolver in question *(People v Kohut, supra; see, People v La Porta,* 50 AD2d 1007).

The defendant argues that the People's appeal should be dismissed because they filed their notice of appeal March 1, 1993, more than 30 days after entry of the order appealed from. CPL 460.10 (1) (a) provides as here pertinent that a party seeking to appeal from an order must file a notice of appeal "within thirty days after service upon such party of a copy of an order not included in a judgment." Thus the time within which the People had to serve their notice of appeal began running not from the date the order was entered, or the date that People received actual notice of the order, but rather from the date of "service" of a copy of the order. It has been held that service of the order must include notice of entry *(People v Mullins,* 103 AD2d 994 [3d Dept 1984]), but we find no basis for that requirement in the statute *(compare,* CPL 460.10 [1] [a], which requires service of a "copy of an order," *with* CPLR 5513 [a], which requires service of a copy of the order "and written notice of its entry").

The Court of Appeals has been presented with the question, determinative here, whether service of the order *by the prevailing party in a criminal case* was necessary to commence the time within which the adversely affected party must file a notice of appeal, but the Court did not rule on the question

because it had been rendered academic in that case *(People v Singleton,* 72 NY2d 845). We have found no reported decision addressing this question. We note however that although CPLR 5513 (a) does not specify that the prevailing party must serve a copy of the order, "[t]he rule that service of a judgment or order on the appellant by the prevailing party is necessary to start the 30-day limitation period running, dates back at least 123 years" *(Dobess Realty Corp. v City of New York,* 79 AD2d 348, 352; *see also, Williams v Forbes,* 157 AD2d 837). Since the analogous CPL and CPLR provisions differ only to the extent that CPLR 5513 (a) requires service of a copy of the order "and written notice of its entry," we conclude that CPL 460.10 (1) (a) also requires service of a copy of the order by the prevailing party, herein the defendant, to commence the 30-day period within which the People had to file their notice of appeal from the order. The defendant never made such service upon the People. Accordingly, the People's notice of appeal was timely filed. Concur—Sullivan, J. P., Carro, Kupferman, Nardelli and Tom, JJ.