■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RESSLER, Appellant. [754 NYS2d 485] —Appeal from a judgment of Wyoming County Court (Griffith, J.), entered December 4, 2001, convicting defendant after a jury trial of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]). Contrary to the contention of defendant, County Court did not err in precluding evidence that the gun in his possession at the time of his arrest belonged to a member of the Wyoming County Sheriff's Department. That fact was not relevant to the charges (*see People v Rivera*, 256 AD2d 1098, 1098-1099, *lv denied* 93 NY2d 977). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his request for substitution of counsel, given that defendant did not show good cause for substitution (*see People v Sides*, 75 NY2d 822, 824; *People v Martin*, 300 AD2d 1022). Defendant failed to preserve for our review his contention that the continuance granted by the court to enable defendant and defense counsel to prepare for trial was inadequate (*see* CPL 470.05 [2]). Defense counsel did not object to the length of the continuance or otherwise indicate that additional time was needed for trial preparation. We further reject the contention of defendant that the court abused its discretion in denying his motion for a mistrial (*see generally People v Ortiz*, 54 NY2d 288, 292; *People v Trotter*, 255 AD2d 925, 926, *lv denied* 93 NY2d 980). Defendant sought a mistrial on the ground that evidence that

he had discharged the weapon was improperly admitted. Such evidence was probative of material issues in the case, i.e., the operability of the weapon and defendant's knowledge that the weapon was loaded, and thus the evidence was properly admitted.

We agree with defendant, however, that reversal is required based on the court's refusal to charge the jury on the issue of his intoxication. Penal Law § 15.25 provides that "evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged." Thus, the court erred in determining that such evidence was limited to negating only the element of intent. Here, intoxication was relevant to defendant's knowing possession of the firearm (*see* § 265.02 [1], [4]) and defendant's awareness that the firearm was loaded (*see* § 265.02 [4]; *see also People v Turner*, 141 AD2d 878, *lv denied* 72 NY2d 962; *People v Trisvan*, 49 AD2d 913; *cf. People v Faison*, 154 AD2d 923, 924, *lv denied* 75 NY2d 770), and thus the court should have so charged the jury (*see generally People v Perry*, 61 NY2d 849). Although the People correctly note that there is no dispute that defendant was not intoxicated when he came into possession of the weapon, that is not the relevant time period at issue here. The indictment does not charge defendant with criminal possession of a weapon at any time other than on January 19, 2001, at a certain bar in Genesee Falls. We reject the People's further contention that the evidence established that defendant possessed the weapon on January 19, 2001, before he consumed alcohol; the record is in fact silent on that point. The court's failure to charge the jury on the issue of intoxication cannot be deemed harmless error. The proof is not overwhelming on the element of knowledge, an element of both counts charged, and intoxication may negate the element of knowledge (*see People v Cesare*, 68 AD2d 938; *see also Trisvan*, 49 AD2d 913; *see generally People v Crimmins*, 36 NY2d 230, 241). Therefore, we reverse the judgment and grant a new trial (*see Perry*, 61 NY2d at 850-851; *People v Murdaugh*, 71 AD2d 609).

We further agree with defendant that the court erred in instructing the jury that his failure to produce a license constituted presumptive evidence that he was not duly licensed to possess the gun at issue. Because defendant had the burden of asserting as a defense that he possessed an appropriate firearms license and he did not do so (*see People v Psilakis*, 148 AD2d 475, 476, *lv denied* 73 NY2d 981; *see generally People v Washington*, 209 AD2d 162, 163, *affd* 86 NY2d 853; *People v*

*Kohut*, 30 NY2d 183, 187), it would not have been improper for the court to instruct the jury that defendant's licensure was not at issue in this case. Here, however, the court erred in instructing the jury concerning the effect of defendant's failure to obtain a license inasmuch as defendant's licensure was not at issue. The error, however, is harmless because the court's instruction "was neither incriminating nor prejudicial" (*People v Crenshaw*, 278 AD2d 897, 897, *lv denied* 96 NY2d 799, 900).

All concur except Wisner and Scudder, JJ., who dissent and vote to affirm in the following memorandum:

Wisner and Scudder, JJ. (dissenting). We respectfully dissent. Although we agree with the majority that County Court erred in refusing to give an intoxication charge, we conclude that the error is harmless in view of the evidence that defendant was seen with the gun before he became intoxicated (*cf. People v Perry*, 61 NY2d 849, 850-851; *see generally People v Crimmins*, 36 NY2d 230, 241-242). Thus, we would affirm. An employee testified that defendant entered the bar area from the kitchen, and four witnesses testified that while defendant was in the bar area drinking heavily, he left the bar area twice, once to go outside and once to go to the restroom. There is no evidence that defendant went into the kitchen after he began drinking at the bar and there is no evidence in the record that defendant was intoxicated when he was observed by the employee in the kitchen with the gun tucked into his belt. Thus there is evidence that defendant knowingly possessed the weapon while in the kitchen, before he became intoxicated. "Knowledge, of course, may be shown circumstantially by conduct * * *. Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is * * * on his person" (*People v Reisman*, 29 NY2d 278, 285, *cert denied* 405 US 1041; *see People v Sanchez*, 86 NY2d 27, 32-33; *People v Kirkpatrick*, 32 NY2d 17, 23, *appeal dismissed* 414 US 948). In our view, the evidence of guilt is overwhelming and it cannot be said that there is a significant probability that defendant would have been acquitted had the intoxication charge been given (*see generally Crimmins*, 36 NY2d at 241-242). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.