**UNITED STATES of America,
Appellee,**

v.

**Jose SANCHEZ–VILLAR,
Defendant–Appellant.**

**No. 01–1645.**

United States Court of Appeals,
Second Circuit.

May 3, 2004.

Jose Sanchez–Villar, Lisbon, Ohio, for Appellant, pro se.

Jonathan S. Kolodner, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney for the Southern District of New York, on the brief; Daniel A. Braun, Assistant United States Attorney for the Southern District of New York), New York, New York, for Appellee, of counsel.

Present: SACK, SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment entered in the United States District Court for the Southern District of New York (Schwartz, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Jose Sanchez–Villar was convicted, following a jury trial, in the Southern District of New York (Schwartz, J.) of one count of distribution and possession with intent to distribute approximately 1.2 kilograms of cocaine base ("crack" cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and of one count of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A). Sanchez–Villar was sentenced principally to 235 months' imprisonment. On appeal, Sanchez–Villar, proceeding *pro se*, argues that his conviction should be reversed because he received ineffective assistance from trial counsel. Specifically, he claims that his counsel was ineffective for failing to challenge the warrantless seizure of the firearm and the police officers' subsequent warrantless arrest of him. Sanchez–Villar asserts that the seizure and arrest were improper because, he claims, the officers had no basis to believe his possession of the firearm was illicit. Rather, the only grounds for probable cause arose, Sanchez–Villar contends, after his arrest—when he admitted that he was an illegal alien.

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Despite the general preference for review of ineffective-assistance claims in habeas proceedings rather than on direct appeals, *see Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003), we find the record here sufficiently complete for immediate review, *see United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003) (stating that claim may be decided on record before court). To prevail on an ineffective assistance of counsel claim, Sanchez–Villar must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We find the instant ineffective-assistance claim unavailing because the argument that Sanchez–Villar contends his trial counsel should have raised is frivolous. Sanchez–Villar's argument appears to rest on the mistaken assumption that the probable cause justifying the seizure and arrest must have been coterminous with the charges for which he was ultimately charged and convicted. The discovery of the firearm, however, provided the officers with sufficient probable cause that a crime under New York law was being committed, therefore creating probable cause for both the seizure of the weapon and the arrest of Sanchez–Villar. Under New York law, it is a crime to possess a firearm. *See* N.Y. Penal Law § 265.01(1); *People v. Washington,* 209 A.D.2d 162, 163, 618 N.Y.S.2d 32 (1994) (holding that under New York law possession of a gun is a crime). While state law excepts from prosecution individ-uals in possession of a firearm with the appropriate license, *see* N.Y. Penal Law § 265.20(3), this exception is an affirmative defense that "generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense." *Washington,* 209 A.D.2d at 163, 618 N.Y.S.2d 32. Thus, because it is beyond dispute that the officers were lawfully located in a place from which they plainly could see the gun, the officers were justified in seizing it because of its "immediately apparent" incriminating character. *See Horton v. California,* 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Further, Sanchez–Villar's subsequent arrest was proper because probable cause existed that Sanchez–Villar's possession of the firearm violated New York law. *See, e.g., United States v. Cruz,* 834 F.2d 47, 50–51 (2d Cir.1987) (holding that warrantless arrests are justified when based on probable cause, which is present when the facts and circumstances within the officers' knowledge warrant a "belief that an offense has been or is being committed" (citation and internal quotation marks omitted)).[1]

For these reasons, the judgment of the district court is AFFIRMED.

---

1. We reject Sanchez–Villar's argument that New York's statutory scheme offends the Second Amendment of the United States Constitution. *See* U.S. Const. amend. II; *United States v. Toner,* 728 F.2d 115, 128 (2d Cir. 1984) (stating that "the right to possess a gun is clearly not a fundamental right").