# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

146

KA 10-02192

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

LEEVARN GRAHAM, JR., DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 10, 2010.  The judgment convicted defendant, upon a jury verdict, of arson in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of imprisonment of 15 years to life and as modified the judgment is affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of arson in the first degree (Penal Law § 150.20 [1]), defendant contends that he was denied effective assistance of counsel by a "litany of errors" by his trial counsel.  Initially, we note that the majority of defendant's contentions "involve[] matters outside the record on appeal, and thus the proper procedural vehicle for raising [those contentions] is by way of a motion pursuant to CPL 440.10" (*People v Wilson*, 49 AD3d 1224, 1225, *lv denied* 10 NY3d 966; *see People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800).  We reject defendant's contention with respect to those alleged instances of ineffective assistance of counsel that are properly before us (*see generally People v Baldi*, 54 NY2d 137, 147).  Contrary to defendant's contention, his attorney was not ineffective in failing to make a proper motion for a trial order of dismissal or to request a jury charge on a lesser included offense.  It is well settled that "[t]he failure to provide a specific basis for a trial order of dismissal that had no chance of success does not constitute ineffective assistance of counsel" (*People v Woodard*, 96 AD3d 1619, 1621, *lv denied* 19 NY3d 1030; *see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702), and motions to dismiss or reduce the indictment based on the insufficiency of the evidence had virtually no

chance of success. Indeed, we note that defendant does not challenge the sufficiency or the weight of the evidence on appeal, nor does he contend that any lesser included offenses should have been charged. Defendant's contention that trial counsel was ineffective in failing to retain an expert regarding the proof that a fire occurred is unavailing because "defendant has not established that such expert 'testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (*People v Woolson*, 122 AD3d 1353, 1354; *see People v Nelson*, 94 AD3d 1426, 1426, *lv denied* 19 NY3d 999). Defendant's contention that his counsel was ineffective by taking a position adverse to that of defendant during summation is without merit because counsel did not do so. In any event, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709; *see People v Taylor*, 1 NY3d 174, 177), and defendant failed to make such a demonstration with respect to counsel's comments during summation.

Defendant further contends that he was deprived of a fair trial by certain rulings during the trial. With respect to defendant's contention that the court erred in denying his request for an adverse inference instruction regarding the fire investigator's failure to record the interrogation of defendant, "[t]his Court has repeatedly determined . . . that the failure to record a defendant's interrogation electronically does not constitute a denial of due process . . . , and thus an adverse inference charge was not warranted" (*People v Nathan*, 108 AD3d 1077, 1078, *lv denied* 23 NY3d 966 [internal quotation marks omitted]; *see People v McMillon*, 77 AD3d 1375, 1375, *lv denied* 16 NY3d 897). Defendant's contention that he was deprived of a fair trial by the court's failure to give an intoxication charge likewise is without merit. Although such a charge may have been warranted, any error in failing to give such a charge is harmless because the proof of defendant's guilt was overwhelming, "and there is no significant probability that defendant would have been acquitted but for the error" (*People v Thomas*, 96 AD3d 1670, 1672, *lv denied* 19 NY3d 1002; *see People v Greene*, 186 AD2d 147, 147-148, *lv denied* 81 NY2d 840; *cf. People v Ressler*, 302 AD2d 921, 922).

Defendant further contends that reversal is required based on prosecutorial misconduct. Defendant did not object with respect to the prosecutor's allegedly improper elicitation of evidence, and thus failed to preserve for our review his contention concerning that alleged instance of misconduct (*see People v Alexander*, 51 AD3d 1380, 1383, *lv denied* 11 NY3d 733). Although defense counsel did object regarding one alleged instance of misconduct during the prosecutor's summation, the court sustained that objection and gave curative instructions to the jury. "Following the Trial Judge's curative instructions, defense counsel neither objected further, nor requested a mistrial. Under these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944). The prosecutor's other allegedly improper comment on summation was both fair comment on the evidence and a fair response to defense counsel's summation (*see People v*

*Weaver*, 118 AD3d 1270, 1271, *lv denied* 24 NY3d 965; *People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915). In any event, we conclude with respect to both the preserved and the unpreserved contentions that any misconduct that may have occurred "was not so egregious as to deprive defendant of a fair trial" (*People v Tolliver*, 267 AD2d 1007, 1008, *lv denied* 94 NY2d 908).

We agree with defendant, however, that the sentence is unduly harsh and severe insofar as the court imposed an indeterminate term of imprisonment of 25 years to life, particularly in light of defendant's lack of prior felony convictions and the minimal damage and lack of injury that were caused by this incident. We therefore modify the judgment, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), by reducing the term of imprisonment to an indeterminate term of 15 years to life.

We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or further modification of the judgment.

Entered: February 13, 2015                    Frances E. Cafarell
                                              Clerk of the Court