In the Matter of the Claim of JACK FLEISCHMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 18, 1975, which dismissed claimant's appeal from the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective March 17, 1975 because he was not available for employment. The record plainly establishes that claimant failed to file a notice of appeal from the decision of a referee within the 20-day period limited by statute (Labor Law, § 621, subd 1) and the board properly dismissed his appeal therefrom as untimely *(Matter of Murphy [Catherwood]*, 32 AD2d 593). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Koreman and Main, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LA PORTA, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered May 2, 1975, upon a verdict convicting defendant of a violation of section 6810 of the Education Law. Defendant was indicted, tried and convicted of the crime of unauthorized distribution and/or dispensing of a prescription drug in violation of subdivision 1 of section 6810 of the Education Law. The record reveals that an undercover trooper, having previously been introduced to defendant by an informer, purchased a quantity of diethylpropion from defendant. This drug is a mild appetite suppressant which at the time of the alleged sale was not prohibited by the Penal Law. It can be purchased, however, only with a prescription, and the dispensing of a prescription drug to any person who does not have the necessary prescription therefor is prohibited. (Education Law, § 6810, subd 1.) On this appeal three issues are raised. Defendant contends that the court erred in not compelling the undercover trooper to identify his informant. We disagree. The alleged sale took place in defendant's apartment and the only known persons present were defendant and the trooper who made the alleged purchase. There was no question of identity. Under these circumstances, the court properly denied defendant's request to disclose the informant's identity. *(People v Brown,* 34 NY2d 163.) Defendant further contends that the People failed to prove that he was not a pharmacist. This contention also lacks merit. The record establishes that a pharmacist who had known defendant "since he was a little boy" testified that to his knowledge defendant was not a licensed pharmacist. This uncontradicted testimony raised the issue for the jury and it had a right to accept it. Finally, defendant maintains that the People failed to prove beyond a reasonable doubt that he did not come within the exceptions contained in section 6807 of the Education Law. Again we arrive at a contrary conclusion. While section 6807 exempts certain persons from the operation of section 6810, those exceptions are found outside section 6810 and are, therefore, matters for the defendant to raise under the general issue or by affirmative defense. *(People v Kohut,* 30 NY2d 183, 187.) Judgment affirmed, Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.