■ JOSEPH CAMPANARO, as a Shareholder of TCI CONSTRUCTION CORPORATION, Suing in the Right of TCI CONSTRUCTION CORPORATION, Appellant, v JOSEPH TRIBBLE et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 23, 1990, which, *inter alia,* denied a petition under Business Corporation Law § 619 to nullify a shareholder vote and election of officers held on January 10, 1990, unanimously affirmed to the extent appealed from, with costs.

The petition to challenge the outcome of the shareholder meeting necessarily involves the underlying issue of who rightfully exercised control over respondent TCI Construction Corporation. In the absence of documentary evidence of shareholdings, that question must await determination at trial, after completion of discovery. Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN RAMOS, Appellant.—Judgment, Supreme Court, Bronx County (Irene J. Duffy, J., at jury trial and sentence), rendered June 29, 1988, convicting defendant, after a jury trial, of assault in the second degree and sentencing him to an indeterminate term of imprisonment from 3½ to 7 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People *(People v Thompson,* 72 NY2d 410), we find that there is sufficient evidence of physical injury as defined in Penal Law § 10.00 (9) to support defendant's conviction for assault in the second degree. The shot fired by defendant entered the victim's body and exited within one inch of the victim's spine causing two separate wounds. The hospital records were admitted into evidence, and although a physician testified that the victim's wounds were classified as superficial, the victim testified that he was in great pain and suffered substantial discomfort, such that, on the date of trial three years later, he was still experiencing pain in bending and certain movements. This is not the type of injury which falls into the category of petty slaps, shoves and kicks intended to be excluded by the Legislature from the definition of physical injury *(see, Matter of Philip A.,* 49 NY2d 198, 200). Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.