OPINION OF THE COURT
Geoffrey O’Connell, J.
The defendant, by her attorney, applies for an order dismissing the instrument accusing her of assault in the third degree (Penal Law § 120.00) as facially insufficient. (CPL 170.30 [1] [a].) She also seeks to suppress potential evidence reciting or describing statements allegedly made by her to law enforcement authorities. (CPL 710.20 [3].)
The accusatory instrument in question, a District Court information, alleges that on May 22, 1991, at the Hicksville Post Office, "the defendant did strike her grandson, Joseph *77 Habenicht, who was 18 months old, numerous times about his body causing contusions to him which were treated at a hospital emergency room and Doctors office.” The defendant contends that the accusatory instrument and supporting depositions fail to sufficiently allege that the child sustained a "physical injury” as that term is defined in Penal Law § 10.00 (9).
The more detailed supporting deposition is from a patron at the post office. It alleges: "The boy was lying on the floor at the woman’s feet, sucking his thumb. The woman was dealing with the teller at the counter. The woman started telling the boy, 'Get up. Get up.’ The woman than started to shake the boy off her leg with a kicking motion. The boy didn’t get up, and the woman picked him up by the arms and slammed him down on the counter footrest. She then told him; 'Don’t move.’ The boy then got up and got into a fetal position on the floor. The woman then started striking the boy excessively all over his body. She then went back to the counter, and the boy ran away to about 3-4 windows away. The woman then yelled and grabbed him by the arm and dragged him across the floor back to the teller’s window. I could see that the boy’s arms and shoulders were red from the treatment.” After her arrest for assault in the third degree and endangering the welfare of a child (Penal Law § 260.10), the defendant gave a statement to the police.
The prosecution, as part of the voluntary disclosure, furnished defense counsel and the court with copies of a medical record. That record reflects examinations on May 23, 1991 and June 3, 1991. Written in stereotypical medical script, it is very difficult to decipher although references to multiple bruises and scratches can be made out. A radiological report found no evidence of previous trauma.
FACIAL INSUFFICIENCY
Under CPL 100.40 (1) an information is facially sufficient when it is in proper form (see, CPL 100.15), provides reasonable cause to believe that the defendant committed the offense charged and contains nonhearsay factual allegations which establish, if true, every element of the offense as well as the defendant’s commission of it. The Court of Appeals, in People v Alejandro (70 NY2d 133), held that the failure of an information to meet the "prima facie case” requirement of CPL 100.40 (1) (c) and CPL 100.15 (3) is a nonwaivable jurisdic *78 tional defect which may be raised at any time including upon appeal. In the wake of People v Alejandro, there has been an ever-increasing stream of motions attacking the facial sufficiency of informations. (See, e.g., People v Byrd, 149 Misc 2d 350 [loitering]; People v Velez, 149 Misc 2d 592 [stolen property]; People v Madehere, 149 Misc 2d 564 [weapon]; People v Johnson, 148 Misc 2d 103 [unauthorized use of a computer]; People v Gross, 148 Misc 2d 232 [Administrative Code of City of New York].) The instant motion is one of several recent motions addressed to the sufficiency of physical injury allegations in assault cases.
In Alejandro, the Court of Appeals attributed the insistence upon a prima facie showing in informations and supporting depositions upon a vital legislative concern: "that a defendant —who * * * can be prosecuted on the basis of an information alone — must have, at least, an assurance that the information contains allegations establishing a legally sufficient case (see, Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.15, at 25; CPL 100.40, at 67).” (People v Alejandro, 70 NY2d 133, 139, supra.) A prima facie case is generally defined as such evidence as will suffice until contradicted and overcome by other evidence. (Black’s Law Dictionary [4th ed 1957].) However, as Judge McLaughlin observed in In re Grand Jury Subpoenas (561 F Supp 1247, 1254): "The term 'prima facie’ case is, of course, a chameleon phrase that takes the coloration of its context.”
The Penal Law definition of "physical injury” is "impairment of physical condition or substantial pain.” (Penal Law § 10.00 [9].) Inclusion of the word "substantial” has been held to demonstrate the Legislature’s intent that the criteria not be wholly subjective. (Matter of Philip A., 49 NY2d 198, 200.) Nevertheless, the question of whether the complainant suffered "substantial pain” is one for the trier of fact. (Id.) Thus, virtually all reported decisions addressing the issue of what constitutes "substantial pain” and a "physical injury” are posttrial. (See, e.g., People v Henderson, 169 AD2d 647, 648; People v Ramos, 168 AD2d 352; People v White, 167 AD2d 870; People v Perez, 166 AD2d 166.)
Another person’s pain is difficult to experience and easy to dismiss. Assault prosecutions ought not turn upon complainants’ ability to communicate their pain in written depositions. Moreover, an element of an offense may be made out by circumstantial evidence, even in an information and supporting deposition. (See, People v Salomon, 131 Misc 2d 1075, 1077; *79 People v Johnson, 148 Misc 2d 103, 108.) Accordingly, there is a sufficient prima facie showing of physical injury where the nonhearsay allegations establish a real injury capable of causing substantial pain. This test sufficiently excludes the " 'petty slaps, shoves, kicks and the like’ ” which ought not to give rise to assault prosecutions. (Matter of Philip A., 49 NY2d 198, 200, supra.)
The motion to dismiss for facial insufficiency is denied.
SUPPRESSION
The motion to suppress defendant’s statement is granted to the extent that there shall be a hearing. (CPL 710.60 [4].)