The appellant, Harvey Ford, pleaded guilty to attempted assault in the first degree, in violation of § 13A-4-2 and § 13A-6-20, Code of Alabama 1975, and was sentenced to 10 years' imprisonment. He raises three issues on appeal; however, because of our disposition of this case, we find it necessary to address only the following issue.
On appeal, Ford argues, for the first time, that the trial court erred by accepting his plea of guilty to an offense that he argues is not a lesser-included offense of the offense of solicitation to commit murder, for which he was indicted. The indictment reads, in pertinent part, as follows:
 "The Grand Jury of said County charge, that before the finding of this indictment, HARVEY FORD . . . did solicit, request, command, or importune Stanley B. Maxey, Jr., to engage in conduct constituting the crime of Murder (Section 13A-6-2 of the Code of Alabama) with intent that such person engage in such conduct, in violation of § 13A-4-1 of the Code of Alabama. . . ."
Pursuant to a plea agreement, however, the prosecution, with the appellant's consent, moved to amend the solicitation-to-murder indictment to charge the offense of attempted assault in the first degree. The appellant now argues that this amendment violated A.R.Cr.P.Temp. 15.5(a) (now A.R.Cr.P. 13.5(a)), which provides, "A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not included in the original indictment, information, or complaint." See also Washington v. State,562 So.2d 281 (Ala.Cr.App. 1990); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988).
Section 13A-1-9(a), Code of Alabama 1975, defines a lesser-included offense as follows:
"An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
Furthermore, this court has held as follows:
 " '[T]o be a lesser included offense of one charged in an indictment, the lesser offense must be one that is necessarily included, in all of its essential elements, in the greater offense charged[,]' Payne v. State, 391 So.2d 140, 143 (Ala.Cr.App.), writ denied, 391 So.2d 146
(Ala. 1980), . . . unless it is so declared by statute."
James v. State, 549 So.2d 562, 564 (Ala.Cr.App. 1989). "Whether a crime constitutes a lesser-included offense is to be determined on a case-by-case basis." Aucoin v. State,548 So.2d 1053, 1057 (Ala.Cr.App. 1989). "In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also . . . in light of the particularfacts of each case." Ingram v. State,570 So.2d 835, 837 (Ala.Cr.App. 1990) (citing Ex parte Jordan,486 So.2d 485, 488 (Ala. 1986); emphasis in original). Seealso Farmer v. State, 565 So.2d 1238 (Ala.Cr.App. 1990).
Section 13A-4-1(a) defines the offense of criminal solicitation, for which the appellant was indicted, as follows: "A person is guilty of criminal solicitation if, with the intent that another person engage in conduct constituting a crime, he solicits, requests, commands or importunes such other person to engage in such conduct." Section 13A-4-2(a) defines the offense of "attempt," *Page 1319 
to which the appellant pleaded guilty, as follows: "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
This court, in Springfield v. State, 580 So.2d 88,90 (Ala.Cr.App. 1991), cert. stricken, 596 So.2d 659 (Ala. 1991), summarily held that attempt (to commit a controlled substance crime) is not a lesser included offense of solicitation (to commit a controlled substance crime). To provide a clear rationale for that holding, we rely upon the following discussion in Thornton v. State,570 So.2d 762, 767-69 (Ala.Cr.App. 1990), wherein Thornton tried to assert the defense of § 13A-4-1(c),[1] by arguing that he could not be convicted of criminal solicitation (to commit a controlled substance crime) because he also could have been charged and convicted of an attempt:
 " 'Sometimes inchoate offenses will overlap and defendant's conduct will allow his being indicted for more than one of the offenses. The offense of solicitation is not an attempt per se. However, frequently solicitation accompanied by some overt act on the part of defendant may equate an attempt. While the two offenses are separate, looking at the matter pragmatically, in states which have abolished common law offenses and failed to provide for the statutory crime of solicitation, some courts have frequently permitted common law solicitation to be punished as attempts.
" '. . . .
 " '. . . The need for such [an] anticipatory offense is obvious. There is a need to distinguish solicitation cases from "attempts," especially where the type of "overt" conduct required by the defendant in order to equate an attempt is sometimes unclear or uncertain.
 " 'In some criminal enterprises a sufficient overt act on the part of [a] defendant cannot be proved so as to make the crime of attempt, and the person solicited has not yet agreed (such as waiting for further discussions). . .' "
"Ala. Code § 13A-4-1 Commentary (1975).
 ". . . [T]he State argues that the appellant did not commit a sufficient overt act to warrant a finding that the appellant 'attempted' to purchase and possess drugs.
". . . .
 "The issue . . . is whether the conduct of the appellant constituted a sufficient overt act so that he could have been convicted of criminal attempt. This court addressed this issue, at length, in Whiddon v. State, 53 Ala. App. 280, 299 So.2d 326, 329-30 (1973).
 " 'As to when the conduct of a defendant charged with attempt to commit a crime amounts to an overt act is illustrated in Groneau v. State, Fla.App., 201 So.2d 599, 603, wherein it is said: " ' "Mere intention to commit a specific crime does not amount to an attempt. Preparation alone is not sufficient. Something more is required than mere menace, preparation or planning. The attempt is complete and punishable, when an act is done with intent to commit the crime, which is adapted to the perpetration of it, whether the purpose fails by reason of interruption, or for other extrinsic cause. State v. Wilson, 30 Conn. 500, 506; State v. Enanno, 96 Conn. 420, 427, 114 A. 386. The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. There must be some appreciable fragment of the crime committed and it must be in such progress that it would be consummated unless interrupted by circumstances independent of the will of the attempter. It is not, however, *Page 1320 
essential that the actor would have actually succeeded if he had followed the course of conduct upon which he had embarked. State v. Mazzadra, 1954, 141 Conn. 731, 109 A.2d 873. 1 Wharton Criminal Law, Attempt, § 224 (12th Ed.)."
 " 'The "preparation" for commission of an offense consists in devising or arranging the means or measures necessary for commission of the crime, while an "attempt" or "overt act" is a direct movement toward the commission, after the preparations are made. State v. Quick, 199 S.C. 256, 19 S.E.2d 101, 102, 103.
" '. . . .
 " ' "Mere solicitation, unaccompanied by an act moving directly toward commission of [an] intended crime, is not an 'overt act' constituting [an] element of [the] crime of attempt." State v. Davis, 319 Mo. 1222, 6 S.W.2d 609.
 " ' "[It is also well settled that the overt act must be something more than mere preparation or planning the crime. It must be something done, some step taken beyond preparation, that directly moves toward the crime and brings the accused nearer to its commission than mere acts of preparation or of planning. It must be such act or acts as will apparently result, in the usual and natural course of events, if not hindered by extraneous causes, in the commission of the crime itself.]" State v. Thomason, 23 Okla. Cr. 104, 212 P. 1026, 1027.' (Emphasis added.)
". . . .
 "Section 13A-4-1 is based on the New York and Michigan versions of criminal solicitation. Section 13A-4-1(c) is based on a New York statute to the same effect. N.Y. Penal Law § 100.20 (McKinney 1987).
 "In People v. Spencer, 66 Misc.2d 658, 322 N.Y.S.2d 266 (1971), the New York court addressed a similar issue as the one before this court: 'whether a verbal solicitation to commit a crime constitutes an attempt to commit the crime.' Spencer, 322 N.Y.S.2d at 267. In Spencer, the court noted that the majority of American jurisdictions hold that 'mere criminal solicitation of another to commit a crime does not constitute an attempt.' Spencer
[322 N.Y.S.2d] at 269, quoting Gervin v. State, 212 Tenn. 653, 656-57, 371 S.W.2d 449, 450-51 (1963).
 "In Spencer, the appellant drove alongside a child who was walking down the street. He tried to convince the child to perform sodomy on him, but the evidence failed to support a finding that the appellant took any further steps to that end. Based on this evidence, the court found the request by the appellant to be a criminal solicitation but not an attempt.
 "Our review of the evidence in the cause sub judice leads us to conclude that the appellant's request to buy two dilaudid pills amounted to criminal solicitation and not an attempt. While it is true that the appellant circled the block, this fact does not change our conclusion. His acts were not enough to rise to the level of the required overt act to constitute an attempt."
See also Lee v. State, 540 So.2d 802, 804 (Ala.Cr.App. 1988) (wherein the court held that the appellant's prior acquittal of criminal solicitation did not bar the prosecution for attempted assault); 2 W. LaFave A. Scott, Jr.,Substantive Criminal Law § 6.1(f) (1986) (recognizing that the trend is toward two positions, one being that solicitation may become an attempt only if accompanied by overt acts that proceeded beyond what would constitute preparation if the solicitor himself planned to commit the offense).
As noted in the discussion above, to constitute the offense of attempt, solicitation must be accompanied by an overt act, i.e., "a direct movement toward the commission, after the preparations are made." Thus, the offense of attempt cannot be established by proof of the same or fewer than all the facts required to establish the commission of the offense of solicitation; proof of an overt act is required for an attempt. Thus, the appellant did not plead guilty to an offense encompassed in the indictment as a lesser included offense. *Page 1321 
Moreover, the indictment for solicitation to murder could not be amended to charge the offense of attempted assault. Clearly, an indictment may not be amended to charge a new offense not included in the original charge or to change the offense.Ross v. State, 529 So.2d 1074, 1076-77 (Ala.Cr.App. 1988); A.R.Cr.P. Temp. 15.5(a).
Thus, the trial court was without authority to accept the appellant's plea of guilty to an offense for which he had not been indicted; accordingly, the appellant's conviction and sentence are void. Our supreme court has held that, "even if a court has jurisdiction of the person and of the crime, an accusation made in the manner prescribed by law is a prerequisite to the court's power to exercise its jurisdiction," State v. Thomas, 550 So.2d 1067, 1070
(Ala. 1989) (citing City of Dothan v. Holloway,501 So.2d 1136, 1146 (Ala. 1986) (Beatty, J., dissenting).
 " 'It is well settled, at common law and from the earliest colonial days in this country, that a prosecution for a crime must be preceded by a formal accusation. Thus, a legally effective criminal prosecution requires that a formal charge be openly made against the accused by an indictment or presentment of a grand jury, or by an information of a prosecuting attorney.'
 "2 Wharton's Criminal Procedure § 225 (C. Torcia 12th ed. 1974).
 " 'Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. [Citations omitted.]
 " 'To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Const. 1901, § 6; Butler v. State, 130 Ala. 127, 30 So. 338; Miles v. State, 94 Ala. 106, 11 So. 403; 12 Cyc. 221 (VI, H).
 " 'Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived. 12 Cyc. 221; Butler v. State, supra; Johnson v. State, 82 Ala. 29, 2 So. 466. '
 "Sherrod v. State, 14 Ala. App. 57, 59-60, 71 So. 76, 78, rev'd on other ground, 197 Ala. 286, 72 So. 540 (1916). See also Albrecht v. United States, 273 U.S. 1, 8
[47 S.Ct. 250, 252, 71 L.Ed. 505] . . . (1927) (wherein the Court noted, 'A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court'). . . .
 "Section 8 of our Constitution, as amended by Amendment No. 37, requires that a felony (other than cases not pertinent here) be proceeded against by indictment, and this requirement of an indictment cannot be waived, in a felony prosecution, except under the express terms of the Amendment, when a prisoner desires to plead guilty while awaiting action of a prospective grand jury on a non-capital felony charge. Kennedy v. State, 39 Ala. App. 676, 107 So.2d 913 (1958). See also Annot., 56 A.L.R.2d 837 (1957) (wherein it was observed that this essential requisite of jurisdiction — an accusation charging the commission of an offense — cannot be waived; only a particular form or mode of accusation may be subject to waiver where the prosecution is based on some other permissible mode of accusation). Compare City of Dothan v. Holloway.
 " '[T]he constitutional requisition of indictments generally in all cases of felony is not one conferring a mere personal privilege upon an accused person, but is so imbued with the public concern for due and proper administration of the law that no individual may waive it.'
 "Kennedy, 39 Ala. App. at 690, 107 So.2d at 926 (discussing and adopting People ex rel. Battista v. Christian, 249 N.Y. 314, 164 N.E. 111, 61 A.L.R. 793 (1928)). See also State ex rel. Baxley v. Strawbridge, 52 Ala. App. 685, 687, 296 So.2d 779, 781, cert. denied, 292 Ala. 506, 296 So.2d 784 (1974). More specifically, since the jurisdiction of the court, in felony cases, rests upon the utilization of a grand jury indictment or information, the *Page 1322 
requirement of such charging instrument is not waived by a guilty plea. A voluntary and understandingly made plea of guilty waives only non-jurisdictional defects. Dingler v. State, 408 So.2d 530 (Ala. 1981). Cf. Tinsley v. State, 485 So.2d 1249, 1251
(Ala.Cr.App. 1986) (wherein the court, in following Dingler, held that 'a void indictment gives the court no jurisdiction to proceed against an accused and the defect of an indictment which fails to charge an offense is not waived by a plea of guilty').
 "In the absence of an indictment or information upon which this prosecution should have begun, the trial court was without jurisdiction to render judgment. Woodham v. State, 28 Ala. App. 62, 178 So. 464 (1938). Thus, the judgment was null and void and of no force and effect. Id."
Ross v. State, 529 So.2d 1074, 1077-78 (Ala.Cr.App. 1988). See also United States v. Macklin, 523 F.2d 193
(2d Cir. 1975); 2 W. LaFave J. Israel, CriminalProcedure § 19.2 at pp. 464-66 (1984).
The attorney general, relying on Ex parte Harper,594 So.2d 1181 (Ala. 1991), petition for cert. filed, 61 U.S.L.W. 3156 (U.S. Dec. 23, 1991) (No. 92-331), contends that the appellant "waived" this issue by failing to object during the pendency of the proceeding. In Harper, 594 So.2d at 119192, the court stated the following:
 "It is clear that most objections to criminal charges must be raised before trial. The exceptions are for objections based upon lack of subject matter jurisdiction and failure to charge an offense. Those two objections can be raised 'by the court or by motion of the defendant at any time during the pendency of the proceeding.' (Emphasis added). Temporary Rule 16.2(d) (now Rule 15.2(d)). 'Pendency of the proceeding' obviously refers only to the proceeding in the trial court, and this interpretation of the Rule is consistent with federal cases interpreting a similar rule of criminal procedure [, Federal Rule 12(b)]."
(Emphasis in original; footnote omitted.)
The preservation argument has been rejected in Williamsv. State, 591 So.2d 582, 583 (Ala.Cr.App. 1991), where the appellant was convicted for an offense that was not included in the indictment, but that had been included in the jury instructions for the jury to consider. The appellant contended, for the first time on appeal, that he had been unlawfully convicted of a crime not contained within the indictment. In reversing the appellant's conviction, the court recognized the arguable contradiction of Harper, but held this contention to be "an attack upon the jurisdiction of the trial court, and, therefore, nonwaivable," id. In addition to relying on principles from Ross (quoted above), the court stated the following:
 "Additionally, 'if a court has no jurisdiction its action is void.' Barbee v. State, 417 So.2d 611, 162 (Ala.Cr.App. 1982) (quoting State v. Johns, 142 Ala. 61, 38 So. 755
(1905)). The indictment that charged Williams with having committed an offense listed only escape in the third degree as the offense. The jurisdiction of the trial court extended to that offense only. Because resisting arrest is not a lesser included offense of escape in the third degree, the trial court was without jurisdiction as to the offense of resisting arrest, and any resulting action taken by the court as to this offense was void."
Id.
Until we receive any indication to the contrary, we will continue to reject application of the Harper rule to our review of a conviction of an offense for which the appellant was not indicted. Cf. Moore v. State,596 So.2d 53, 53-54, n. 1 (Ala.Cr.App. 1991). In City of Dothanv. Holloway, 501 So.2d at 1139, the Alabama Supreme Court gave Temp. Rule 16.2 an interpretation different from theHarper interpretation by citing the rule as authority for its statement that "a defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter." See also 8 R. Cipes, M. Waxner, S. Allen, Moore's Federal Practice
§ 12.03[1], pp. 12-18 (2d ed. 1989) (which is cited as authority in Harper and states that "Rule 12(b)(2) states that lack of jurisdiction or failure to state an offense *Page 1323 
are defenses which may be raised 'at any time during the pendency of the proceeding,' a phrase which encompasses the period of appeal") (footnote omitted); 2 LaFave Israel,supra, § 19.2(a) at p. 442 (wherein, in discussing Federal Rule 12(b), the commentators noted that "while . . . objections [for failure to show jurisdiction or to charge an offense] can be raised for the first time at any point in the proceeding (including on appeal), any lesser objection to the pleadings is lost if not raised before trial") (footnote omitted); 2 id. § 26.5 at pp. 253-54 (wherein the commentators stated that "the failure of the . . . indictment to state an offense can be raised initially on appeal in almost all jurisdictions, either by virtue of its characterization as a jurisdictional defect, or by reliance upon a specific provision, such as Federal Rule 12(b), requiring that it 'be noticed . . . at any time' ") (footnotes omitted); 2 M. Rhodes,Orfield's Criminal Procedure under the Federal Rules
§ 12:102 at p. 303 (2d ed. 1985) (wherein, in the discussion of Federal Rule 12(b), it is noted that "[w]ant of jurisdiction or failure to charge an offense could be raised for the first time on appeal") (footnote omitted).
A prosecution without an indictment is acceptable only uponexplicit waiver. 2 W. LaFave J. Israel,supra, § 19.2(b) at p. 451. In Alabama, that explicit waiver can be accomplished only within the confines of Amendment No. 37 of our Constitution. The provisions of that amendment were not observed in the instant case. If we were to interpret Ex parte Harper as the attorney general urges, we would be ignoring the limitation on the Alabama Supreme Court's authority to promulgate and effectuate rules: a rule of court can not enlarge jurisdiction. Ala. Const. 1901, Amend. 328, § 6.11; see Ex parte Ward,540 So.2d 1350, 1351 (Ala. 1988). With this limitation in mind, we do not believe that the Alabama Supreme Court would have interpreted Temp. Rule 16.2(d) (now Rule 15.2(d) to confer jurisdiction where it has recognized none to exist — where the appellant's conviction does not rest on "an accusation made in the manner prescribed by law," State v. Thomas,550 So.2d at 1070. To do otherwise would enlarge the trial court's jurisdiction.
Accordingly, the judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.
[1] Section 13A-4-1(c) provides the following:
 "A person is not liable under this section when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the offense solicited. When the solicitation constitutes an offense other than criminal solicitation which is related to but separate from the offense solicited, defendant is guilty of such related offense only and not of criminal solicitation."