OPINION OF THE COURT
Marjorie L. Byrnes, J.
The above defendants were arrested by the Rochester Police Department and charged with criminal solicitation in the fourth degree and attempt to commit the crime of criminal possession of a controlled substance in the seventh degree. The arrests resulted from a series of "reverse sting” operations conducted by the Rochester Police Department during April 1995 on Mead Street and Upper Falls Boulevard, in the City of Rochester. The informations filed with this court for each defendant are substantially the same.[1]
The defendants have moved to dismiss that portion of the in-formations charging criminal solicitation in the fourth degree.[2] The defendants assert that this charge must be dismissed on the grounds that (1) the informations are defective within the meaning of CPL 100.15, 100.40 and 170.30, and (2) there exists a legal impediment to conviction. The People oppose these motions. Oral argument was held on May 5, 1995.[3]
*101 SUFFICIENCY OF THE INFORMATIONS
According to the Criminal Procedure Law:
"[a]n information * * * is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15; and
"(b) The allegations of the factual part of the information * * * provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
"(c) Non-hearsay allegations of the factual part of the information * * * establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1]).
An information must establish reasonable cause as well as a prima facie case (People v Alejandro, 70 NY2d 133). A prima facie case is generally defined as "such evidence as will suffice until contradicted and overcome by other evidence” (People v Habenicht, 153 Misc 2d 76, 78; Black’s Law Dictionary 1353 [4th ed 1968]).
The informations in these cases conform to the requirements prescribed in CPL 100.15. Furthermore, the factual allegations are sufficient. The factual portion, in relevant part, reads as follows:

"The following facts in support of this allegation are made upon my personal knowledge:

"That your complainant is a police officer for the City of Rochester. While I was working in that capacity on the above date, at the above time and place (which is in the City of Rochester, New York) the above named-defendant, with intent that I engage in conduct constituting a felony, intentionally solicited, requested, commanded, importuned and otherwise attempted to cause your complainant to commit the Class B Felony of Criminal Sale of a Controlled Substance in the Third Degree: to wit, the defendant, [name], did solicit me to sell [cocaine], for $ [monetary amount].”
There are two elements to the charge of criminal solicitation in the fourth degree: (1) the specific intent that another person engage in conduct constituting a felony and (2) a solicitation, request, command or other attempt to cause such other person to commit the felony (see, People v Agnello, 165 Misc 2d 855; Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 100, at 382). Clearly, the informations contain nonhearsay allegations that establish every ele *102 ment of the offense charged and the defendant’s commission thereof.
These allegations are also sufficient to establish reasonable cause. As noted above, there must be such evidence as will suffice until contradicted or overcome by other evidence (People v Habenicht, 153 Misc 2d 76, 78, supra). The defendants assert that "reasonable cause” is not established on the grounds that Penal Law § 100.20 constitutes a legal impediment to conviction. For the reasons stated below, this court concludes that the allegations contained in the informations do establish reasonable cause.
APPLICATION OF PENAL LAW § 100.20
According to Penal Law § 100.20, even where the elements of criminal solicitation are established: "[a] person is not guilty of criminal solicitation when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the crime solicited. When under such circumstances the solicitation constitutes an offense other than solicitation which is related to but separate from the crime solicited, the actor is guilty of such related and separate offense only and not of criminal solicitation” (Penal Law § 100.20).
This statute is entitled "Criminal solicitation; exemption” (Penal Law § 100.20). The defendants maintain that this exemption constitutes a legal impediment to conviction.
"Essential allegations [in accusatory instruments] are generally determined by the statute defining the crime. If the defining statute contains an exemption, the [accusatory instrument] must allege that the crime was not within the exemption. But when the exemption is found outside the statute, the exemption generally is a matter for the defendant to raise in defense” (People v Kohut, 30 NY2d 183, 187; accord, People v Powell, 54 NY2d 524; People v Ali, 36 NY2d 880; People v First Meridian Planning Corp., 201 AD2d 145; People v Washington, 209 AD2d 162, lv granted 84 NY2d 1016; People v Best, 132 AD2d 773; People v Rodriguez, 113 AD2d 337; People v Newell, 95 AD2d 815; People v La Porta, 50 AD2d 1007; People v McWilliams, 96 Misc 2d 648).
For example, criminal possession of a weapon in the third degree is defined as follows:
"[a] person is guilty of criminal possession of a weapon in the third degree when:
"(4) He possesses any loaded firearm. Such possession shall not * * * constitute a violation of this section if such posses *103 sion takes place in such person’s home or place of business” (Penal Law § 265.02 [4]).
There is also no violation of this section if the person has a license (Penal Law § 265.20 [a] [3]).
An indictment that charges this crime must allege that the possession did not take place in the person’s home or place of business (People v Rodriguez, 113 AD2d 337, supra; People v Best, 132 AD2d 773, supra; People v Newell, 95 AD2d 815, supra; compare, People v First Meridian Planning Corp., 201 AD2d 145, supra [indictment dismissed for failure to allege inapplicability of regulation excluding from definition of commodities certain sales of rare coins]). This is required because the statute itself contains the exemption. However, an indictment need not allege that the person did not have a license (People v Washington, 209 AD2d 162, supra; compare, People v La Porta, 50 AD2d 1007, supra [defendant charged with violating section 6810 of the Education Law; exemption contained in section 6807 was a matter for the defendant to raise at trial]). This allegation is not required because this exemption is found in another statute.
By analogy, the statute defining criminal solicitation in the fourth degree does not contain the solicitation exemption (Penal Law § 100.05 [1]); the exemption is contained in a separate statute (Penal Law § 100.20). Therefore, the People are not required to include allegations in the accusatory instrument that would negate the exemption. The issue of whether the defendants are properly charged with criminal solicitation is one for trial, unless this court finds, as a matter of law, that the exemption is an absolute bar to conviction at trial (CPL 170.30 [1] [f]; see, People v Manini, 79 NY2d 561).
To make this finding, the court is constrained to the four corners of the accusatory instruments (see, e.g., People v Crisofulli, 91 Misc 2d 424; People v de Roos, 118 Misc 2d 445).[4] The factual portion of the informations contains a total of four sentences. Even interpreting the exemption statute as urged by the defendants, it is still possible, depending upon the facts adduced at trial, for one to be properly convicted of criminal solicitation under these informations.[5] Simply put, there are insufficient factual allegations contained in those four sen- *104 fences for this court to find, as a matter of law, that the exemption statute is a legal bar to conviction.
In conclusion, the informations charging criminal solicitation in the fourth degree are facially sufficient (CPL 100.15, 100.40, 170.30), and there are not enough facts for this court to conclude that there is a legal impediment to conviction. The defendants’ motions to dismiss relying on Penal Law § 100.20 are premature. This court will rule on the issue at the appropriate time. For all of the foregoing reasons:
Defendants’ motions to dismiss the criminal solicitation charges are denied.

. Numerous informations and superceding informations have been filed in these cases. This decision refers only to those superceding informations filed after May 5, 1995. The defendants will be arraigned on said superceding informations on the same date as this decision is filed. It should be noted, however, that these superceding informations are already on file and the court has had ample opportunity to review them.

. The defendants have not moved to dismiss the charge of attempt to commit the crime of criminal possession of a controlled substance in the seventh degree and, therefore, this decision is limited to the charge of criminal solicitation in the fourth degree.

. Although oral argument was held prior to the filing of the informations upon which this decision is based, the informations are substantially the same as those filed with the court May 5,1995, and the arguments raised by the parties on May 5, 1995 are unaifected.

. This court does not have the benefit of reviewing testimony presented at a preliminary hearing or reviewing testimony presented to a Grand Jury (see, CPL 180.50, 210.30).

. It should be noted that the informations do not specify to whom the cocaine was to be sold. A defendant soliciting the sale of cocaine to him/ *104 herself cannot be convicted of criminal solicitation (Tyler v State, 587 So 2d 1238 [Ala 1991] [defendant solicited undercover officer to sell defendant a controlled substance, conviction for criminal solicitation reversed]; LaFave and Scott, Substantive Criminal Law § 6.1, at 14 [1986]). However, where a defendant solicits an undercover officer to sell cocaine to another person, there is no legal bar to conviction for criminal solicitation (Tyler v State, 587 So 2d 1238, supra).