OPINION OF THE COURT
Ronald J. McGaw, J.
PROCEDURAL HISTORY
Defense counsel has filed one consolidated motion seeking the dismissal of criminal solicitation charges filed against numerous defendants. The People have responded with a single answering affidavit. As set out in more detail below, the nature *980 of the charges filed against each defendant, and the argument interposed by defense counsel as to each defendant, renders the motion papers and this decision and order applicable to all similarly situated defendants.
Defendants have all been charged with criminal solicitation in violation of Penal Law § 100.00 et seq. The facts as alleged for all cases are nearly identical: the defendants are each charged with having solicited an undercover New York State Trooper to engage in conduct constituting the crime of criminal sale of a controlled substance (or marihuana) by approaching the undercover Trooper who the defendant believed to be a dealer in illegal narcotics (or marihuana) and requesting, by various words, said illegal substance.
The defendants’ argument rests squarely on the language of the criminal solicitation exemption statute, Penal Law § 100.20, which states: "A person is not guilty of criminal solicitation when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the crime solicited. When under such circumstances the solicitation constitutes an offense other than criminal solicitation which is related to but separate from the crime solicited, the actor is guilty of such related and separate offense only and not of criminal solicitation.”
It is the defendants’ contention that "solicitation” is necessarily incidental to the crime of criminal sale. Therefore, the defendants assert that they cannot be guilty of criminal solicitation as a matter of law due to the exemption of Penal Law § 100.20, and that the charges must be dismissed.
In support of their position, the defendants cite a Court of Appeals case (People v Manini, 79 NY2d 561 [1992]), two 1995 City of Rochester cases which interpret or comment upon the Manini case (People v Agnello, 165 Misc 2d 855, and People v Benitez, 167 Misc 2d 99), and a hypothetical example taken from practice commentaries which purports to demonstrate how the exemption is to be applied.
ANALYSIS
I. The Court of Appeals decision in Manini does not suggest or require that the exemption statute must apply in cases such as the ones at bar.
The higher Courts of New York have not directly addressed the issue of whether Penal Law § 100.20 applies to cases where the defendant is charged with soliciting an undercover officer *981 to sell him drugs. The Court of Appeals has had occasion, however, to explain a similarly worded exemption statute, Penal Law § 20.10, which exempts a defendant in certain circumstances from liability for the conduct of another person. (People v Manini, supra.) Penal Law § 20.10 is similar in many respects to the exemption statute for criminal solicitation, most particularly in its use of the term "necessarily incidental”. Indeed, the defendants assert that "virtually the same issue” that is present in the instance cases was addressed in Manini.
Penal Law § 20.10, as discussed in Manini (supra), states in pertinent part as follows: "[A] person is not criminally liable for conduct of another person constituting an offense when his own conduct, though causing or aiding the commission of such offense, is of a kind that is necessarily incidental thereto. If such conduct constitutes a related but separate offense upon the part of the actor, he is liable for that offense only and not for the conduct or offense committed by the other person.”
The Manini Court, in explaining how and when this exemption statute applies, stated that if the conduct of a person sought to be held liable as an accomplice constitutes "a related but separate offense, that person is liable only for his/her own offense”. (People v Manini, supra, at 569.) The Court went on to say (at 570): "The underlying purpose of the statute [Penal Law § 20.10] appears to have been to prevent unnecessary prosecutions in cases where 'ordinarily each culprit in such a reciprocal situation [would be] prosecuted for his particular offense’ such that there would be 'no need for torturing [the putative accessory’s] conduct into accessorial guilt of the correlative offense’ (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 20.10, at 57 [1975]).”
In Manini (supra), the defendant (a seller of drugs) and two other persons (the buyers) engaged in "a reciprocal transaction” which resulted in the buyers taking possession of drugs. The People attempted to hold the drug seller accessorily liable for the drug possession chargeable against the drug buyers. (People v Manini, supra, at 572.) In that case, the Manini Court determined that the exemption of Penal Law § 20.10 applied, but it was the reciprocal nature of the transaction, and the fact that the defendant was indeed charged with another crime (his own possession and sale), that were critical to the Court of Appeals analysis.
Although the Manini Court pointed out that "in the vast majority of cases, a 'sale’ is 'necessarily incidental’ to the pos *982 session of narcotics”, the Court also noted, that "[i]n the typical drug transaction scenario, the seller will continue to be liable for his own actual possession and sale”. (People v Manini, supra, at 571.) The Court went on to conclude (at 571) that: "We do not perceive any reason * * * why, where a purchaser obtains drugs from a seller, section 20.10 should not * * * preclude prosecution of the seller as an accessory to the resulting possession by the purchaser, especially since he remains liable for his own conduct: his possession and sale. ” (Emphasis added.)
Thus, Manini (supra) clearly stands for the proposition that the exemption of Penal Law § 20.10 must apply where a defendant is liable for "a related but separate offense”, and that applying the exemption where there is "a related but separate offense” accomplishes "the underlying purpose of the statute”. Manini does not, however, suggest or require that the exemption must apply in cases where no separate related offense exists.
In contrast to Manini (supra), each of the instant cases involves a defendant who is alleged to have tried to obtain an illegal substance from an undercover officer in what is commonly referred to as a "reverse sting” operation. Such operations (although a common police tactic) do not constitute the kind of "typical” drug transactions considered in Manini in that, where undercover officers are engaged in a reverse sting operation, no "reciprocal transaction” occurs. That is, the police officers do not actually sell drugs to the defendants, and therefore the defendants cannot be charged with possession of drugs. Thus, Manini does not directly apply to the facts of the cases at bar.*
II. The wording of Penal Law § 100.20 itself suggests that the exemption should apply only where the solicitation constitutes a separate related offense.
The second sentence of Penal Law § 100.20 could be interpreted as suggesting that the exemption should apply only in cases where the alleged solicitation "constitutes an offense other than” the solicitation itself, and that in such circumstance "the actor is guilty of such related and separate offense only and not of criminal solicitation.” In other words, the *983 exemption could be read to apply only where there is a separate related offense. In the opinion of this court, such an interpretation fits well within the holding of Manini (supra). Indeed, Penal Law § 100.20 has been interpreted in precisely this way by the Criminal Court of the City of New York. (See, People v Spencer, 66 Misc 2d 658 [Crim Ct, Queens County 1971].)
In Spencer (supra), the defendant was alleged to have offered a child money to commit sodomy. The defendant was charged with attempted sodomy and endangering the welfare of a child, but the court also considered whether the defendant could be charged with criminal solicitation in violation of Penal Law § 100.05, and whether the exemption statute of Penal Law § 100.20 should apply to bar such a charge. As stated in Spencer (at 663):
"We now come to the question of whether the alleged conduct of the defendant * * * also comprised criminal solicitation in the second degree * * *
"The court holds that the solicitation is a separate, additional and not alternative offense, independent of and not necessarily incidental to the commission of the crime solicited, so as to escape the exempting effects of section 100.20 of the Penal Law.”
More specifically, the Spencer court went on to say (at 663-664): "By its very language section 100.20 implies that the solicitation bore fruit in the form of a completed crime. Unless this is the correct interpretation of the language of the statute, an unsuccessful effort to commit a crime falling short of an attempt may escape the condemnation of the law.”
Defendants’ own argument in part supports this point, i.e., that the exemption should apply only where there is a separate related offense. In this regard, the defense refers to the following example taken from practice commentaries as an explanation of the workings of Penal Law § 100.20: " 'A, a public servant, solicits a bribe from B. A is guilty of bribe receiving only, and not of criminally soliciting B to commit the crime of bribe giving.’ ” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 100, at 383.) Defendants’ argument, however, is not persuasive. In this oft-cited example, "A” can be charged with a separate related offense (bribe taking). Thus, there is " 'no need for torturing [the putative accessory’s] conduct into accessorial guilt of the correlative offense’ ”. (See, People v Manini, supra, at 570.) In other words, the exemption would apply to the hypothetical example, but only because the conduct of "A” would constitute *984 "an offense * * * which is related to but separate from the crime solicited”. (Penal Law § 100.20.)
In the cases at bar, the defendants cannot be charged with the separate related offense of criminal possession of drugs because, due to the nature of the undercover reverse sting operation, they never actually received drugs. Therefore, in the opinion of this court, the defendants’ example from the practice commentaries is at best inapposite. By the holding and reasoning of Spencer (supra), as well as the language of Penal Law § 100.20 and the reasoning of the Manini Court in interpreting the similar exemption statute (Penal Law § 20.10), it appears clear to this court that the exemption of Penal Law § 100.20 should apply only where the defendant may be charged with a separate related offense.
III. Penal Law § 100.20 must be interpreted to avoid absurdity.
In interpreting statutes, particularly penal statutes, it has long been held that the language of the statute must be strictly followed. (People ex rel. Carollo v Brophy, 294 NY 540, 544 [1945].) Nevertheless, it has also long been held that the spirit and purpose of the statute, and the objects to be accomplished, must be considered. (People v Ryan, 274 NY 149 [1937].) As stated by the Court of Appeals in Ryan (at 152): "The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to 'defeat the general purpose and manifest policy intended to be promoted;’ all parts of the act must be read and construed together for the purpose of determining the legislative intent, and if the statute is ambiguous and two constructions can be given, the one must be adopted which will not cause objectionable results or cause inconvenience, hardship, injustice or mischief or lead to absurdity.”
Without question, Penal Law § 100.20 must be viewed in its entirety rather than by its individual parts. Interpreting that statute as applying only in situations where a defendant may be charged with "a separate related offense” seems altogether reasonable and proper to this court, for it would seem an absurdity to conclude that the Legislature intended to create a situation whereby "[a] defendant soliciting the sale of cocaine to him/herself cannot be convicted of criminal solicitation”, but that "where a defendant solicits an undercover officer to sell cocaine to another person, there is no legal bar to conviction for criminal solicitation”. (See, People v Benitez, 167 Misc 2d 99, 103-104, n 5, supra.)
*985 IV. Pending legislation suggests that Penal Law § 100.20 has been misapplied by some lower courts.
In an effort to buttress their argument, the defendants point to the fact that State legislation is currently pending which would repeal Penal Law § 100.20. Defendants also refer to a "Sponsor’s Memorandum in Support” of the pending bill. (Mem in Support of Assembly-Senate Bill A 7919, S 4941.) Defendants argue that this pending legislation is evidence that the State Legislature is under the impression that Penal Law § 100.20 applies to situations such as the cases at bar. A careful reading of the Sponsor’s Memorandum, however, suggests just the opposite.
The "justification” for the pending bill as set out in the Sponsor’s Memorandum states as follows: "The current language of section 100.20 of the Penal Law creates an exemption for the crime of criminal solicitation when the solicitation 'constitutes conduct of a kind that is necessarily incidental to the commission of the crime solicited. When under such circumstances the solicitation constitutes an offense other than criminal solicitation which is related to but separate from the crime solicited, the actor is guilty of such related and separate offenses only and not of criminal solicitation.’ ”
This part of the memorandum simply restates the current language of the exemption statute. Thus, no conclusions can be drawn from this part of the memorandum that could not otherwise be drawn from the current statute itself. The memorandum continues, however, as follows: "This ambiguous provision, as applied in some cases, has resulted in the dismissal of several charges without any rational basis for the dismissal * * * If this [unjust] ruling is sustained, it might allow other cases of criminal solicitation of drug purchases to go unpunished.” (Emphasis added.)
Clearly, the Sponsor’s Memorandum suggests that the State Legislature (or at least some members thereof) view the current language of Penal Law § 100.20 as being "ambiguous”. Furthermore, the memorandum clearly suggests that, in the opinion of the Legislature, the court decisions which have interpreted Penal Law § 100.20 as requiring dismissal in cases such as the ones at bar are void of "any rational basis” and are "unjust”. Indeed, one could reasonably view the pending bill as suggesting that the State Legislature never meant to allow the criminal solicitation of drugs to go unpunished. In short, the *986 pending legislation cited by the defendants does not serve to bolster their arguments.
CONCLUSION
For the reasons set out above, defendants’ motion is denied.

 This court is aware of the holdings and dicta of the City Court of Rochester in the Agnello and Benitez cases (supra). To the degree that those cases read Manini (supra) as requiring dismissal of criminal solicitation charges in cases of undercover reverse sting operations, this court respectfully disagrees.