OPINION OF THE COURT
Teresa D. Johnson, J.
These matters are before the court on the defendants’ motions to dismiss the charges against them of criminal solicitation in the fifth degree on the ground that there exists some jurisdictional or legal impediment to the defendants’ conviction and on the ground that the accusatory instruments are defective. For the reasons set forth below, the court grants the motions to dismiss the charges of criminal solicitation in the fifth degree.[1]
All of the defendants were arrested on various streets in the northeastern section of the City of Rochester allegedly attempting to buy small amounts of marihuana. Those streets, among them Hudson and Conkey Avenues and Berlin Street, have become known as open-air drug markets where marihuana, and in some areas cocaine and heroin, can be purchased on the streets. Those who live and work in those areas have become frustrated at the misuse of their neighborhoods for drug activity, that activity bringing with it increased public safety concerns for themselves and their families. The potential for violence in connection with the open-air drug trafficking was illustrated and underscored on January 2, 1995 with the murder of Matthew Maier. Mr. Maier, a resident of the surrounding suburb of Penfield, New York, was shot to death while reportedly attempting to purchase marihuana in one of these open-air drug markets on Berlin Street.
*858 In response to the public safety concerns of the neighborhoods, and in direct response to the murder of Matthew Maier, the City of Rochester Police Department in January of 1995 began to station undercover police officers on the various streets with reputations for being open-air drug markets. Those officers then arrested individuals who approached them attempting to buy marihuana and other drugs. In these cases before the court, all of the defendants were charged with criminal solicitation in the fifth degree, a violation punishable by a maximum of 15 days in jail. The informations allege either that the defendants were soliciting the officers to sell them marihuana, or were attempting to buy a "marihuana-type substance” or "fake” marihuana.
The activities of the Rochester Police in these "sting” operations were highly publicized in the media and well received by the citizens of this city, particularly those in the neighborhoods most directly affected who had felt frustrated at the seemingly endless supply of individuals from throughout the rest of the city and suburbs who were venturing into their neighborhoods to buy drugs with no apparent consequences. The operation seemed to relieve the shared frustration of neighbors with very real concerns and fears about the atmosphere and actuality of danger that these drug markets bring and that of the police in their efforts to respond to the very real public safety concerns of citizens in the neighborhoods adversely affected. The police were responding as well to public safety concerns for those traveling to the neighborhoods to feed their habits, the very individuals who cause these open-air markets to exist and thrive.
The court applauds the interest of the neighbors and the police and their determination to eliminate those open-air drug markets. Unfortunately, the laws of the State of New York do not include any statute or combination of statutes that would allow for the prosecution of these defendants for the conduct alleged. On the contrary, the exemption statute in the section of the Penal Law that governs prosecutions for criminal solicitation states specifically that under certain situations "A person is not guilty of criminal solicitation” (see, Penal Law § 100.20, criminal solicitation; exemption [emphasis added]). For this reason, as is more fully set forth below, the defendants’ motions to dismiss the charges of criminal solicitation in the fifth degree must be granted in those cases where the informations allege the defendants solicited the undercover police officers to sell them marihuana. The cases in *859 which the informations allege the defendants were attempting to buy a "marihuana-type substance” or "fake” marihuana are dismissed because the informations are defective. The two types of informations, and the two separate grounds for dismissal, are set forth below.
ALLEGATIONS THAT DEFENDANTS SOLICITED UNDERCOVER POLICE OFFICERS TO SELL THEM MARIHUANA
These defendants were charged with criminal solicitation in the fifth degree. Section 100.00 of the Penal Law, criminal solicitation in the fifth degree, reads as follows:
"A person is guilty of criminal solicitation in the fifth degree when, with intent that another person engage in conduct constituting a crime, he solicits, requests, commands, importunes or otherwise attempts to cause such other person to engage in such conduct.
"Criminal solicitation in the fifth degree is a violation.”
A charge of criminal solicitation in the fifth degree must allege, therefore, the following two elements: (1) That the defendant had the intent that another person engage in conduct constituting a crime, and (2) That the defendant solicits, requests, commands, importunes or otherwise attempts to cause that other person to engage in such conduct. In order for a person to be found guilty of any degree of criminal solicitation, it is not necessary that the person solicited engage in any criminal activity or even any preparation for any criminal activity. The gravamen of criminal solicitation is the request or other attempt by the defendant to the person solicited to engage in criminal conduct. (People v Lubow, 29 NY2d 58 [1971].) In the instant cases in which the allegations are that the defendants solicited the undercover officers to sell them marihuana the People have alleged the necessary elements that: (1) the defendants intended that the undercover officers sell them marihuana and (2) that the defendants solicited the undercover officers to sell them marihuana. As is more fully set forth below, the court believes that a violation of criminal solicitation in the fifth degree is sufficiently pleaded in those cases.
Unfortunately, the inquiry does not end there. The criminal solicitation section of the Penal Law contains an exemption provision that must be considered in determining whether or not a defendant may be found guilty of any degree of criminal *860 solicitation, in this case the fifth degree. That exemption is the result of a determination by the State Legislature that not all requests of another to engage in conduct constituting a crime would be punished as criminal solicitation. That exemption section states: "A person is not guilty of criminal solicitation when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the crime solicited. When under such circumstances the solicitation constitutes an offense other than criminal solicitation which is related to but separate from the crime solicited, the actor is guilty of such related and separate offense only and not of criminal solicitation.” (Penal Law § 100.20.)
The exemption statute mandates that a person is not guilty when the conduct of that defendant in the solicitation is "necessarily incidental” to the commission of the crime solicited. In these cases, therefore, the question is whether the requests by the defendants to the undercover police officers to sell them marihuana are "necessarily incidental” to the sale of marihuana, since it is the sale of marihuana that is alleged to be the criminal conduct that the defendants are trying to get another person to engage in.
Before enacting the new criminal solicitation exemption set forth in Penal Law § 100.20, the New York State Senate and Assembly were provided with the report of the Temporary State Commission on Revision of the Penal Law and Criminal Code. That report and recommendation was reprinted in Proposed New York Penal Law, Study Bill, 1964 Senate Introductory 3918, Assembly Introductory 5376 (1964). In explaining to the legislators the meaning of the exemption provision set forth in the then-proposed Penal Law, the commission gave the following illustration: "Illustrative is a situation where A, a public servant, solicits a bribe from B. A is guilty of bribe receiving only, and not of criminally soliciting B to commit the crime of bribe giving.” (Commn Staff Notes, reprinted in Proposed NY Penal Law, McKinney’s Special Pamph, at 326.) That example is reprinted as illustrative in the Practice Commentaries to article 100 of the Penal Law. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 100.20, at 383.) Using this illustration for guidance, as was intended, it is clear that these charges of soliciting the sale of marihuana are precluded from prosecution by the exemption statute, Penal Law § 100.20. The defendants in these cases are alleged to have solicited the crime of marihuana sale just as "A” in the illustration solic *861 ited the crime of bribe giving. Both the defendants and "A” were to be the direct recipients of the fruit of the criminal act solicited, for "A” the receipt of a bribe, for the defendants, the receipt of marihuana.
The illustration shows that under the exemption statute "A” could not be found guilty of criminal solicitation, but could be found guilty of the related crime of bribe receiving. In these cases, according to the analogy, the defendants could have been found guilty of unlawful possession of marihuana if they had in fact received marihuana. The police, however, were selling oregano because the law does not permit the police to use real marihuana under these circumstances.
The defendants could have been found guilty of the related charge of attempted criminal possession of marihuana, though not criminal solicitation, if the amount solicited had been in excess of 25 grams, the amount necessary before marihuana possession can establish a criminal charge by volume alone. They were not charged with attempted criminal possession of marihuana, presumably because the amounts solicited were too small. The defendants could not have been charged with the attempt to possess amounts smaller than 25 grams because such possessions would, by law, constitute only violations. Under New York law, an attempt to commit a violation is neither an offense nor a crime. (See, Penal Law §§ 110.00, 110.05.)
That the exemption provision in Penal Law § 100.20 prohibits these prosecutions is further underscored by the case law. There is no reported case where a court at any level has ruled that a defendant may be found guilty of criminal solicitation in the fifth degree on the basis of the activity alleged in these cases. In People v Manini (79 NY2d 561 [1992]) the Court of Appeals ruled, in a case where the defendant was being charged with accessorial liability as a drug seller for the possession of the buyer, that the defendant could not be found guilty of accessorial liability because of an exemption statute very closely related to the one at issue here. The facts of that case are analogous to the present ones. The accessorial liability provisions of the Penal Law, like the criminal solicitation provisions, have an exemption provision at section 20.10 that a person may not be criminally liable for an offense committed by another, " 'when his own conduct, though causing or aiding the commission of such offense is of a kind that is necessarily incidental [to the commission of the offense]’ (see, Penal Law § 100.20).” (People v Manini, supra, at 569.) In *862 Manini the People were attempting to hold a drug seller accessorially liable on the drug possession charge of the person the seller sold the drugs to. The Court in that instance clearly indicated that the exemption provision of the statute, the "necessarily incidental” language, prohibited prosecution:
"Since the offense of criminal possession of a controlled substance does not contemplate or require, in all circumstances, participation of another, the argument goes, the defendants’ conduct in either 'intentionally aiding’ (Manini) or 'aiding or abetting’ (Fuente) another to possess drugs is not 'of a kind’ that is 'necessarily incidental’ thereto, and thus section 20.10 is not applicable.
"We do not believe, however, that the statute should be so narrowly interpreted. We find nothing in the history of Penal Law § 20.10 to support the conclusion that the Legislature intended the exemption to be construed such that one who sells drugs to another thereby becomes an accomplice to the other’s resulting possession. Interpreting the statute in the manner advocated by the People would broaden the reach of accessorial prosecutions such as this to an extent and in a way not clearly intended by the Legislature.” (People v Manini, supra, at 570.)
The Court of Appeals went on to say: "Thus, in the vast majority of cases, a 'sale’ is 'necessarily incidental’ to the possession of narcotics”. (People v Manini, supra, at 571 [emphasis added].) In People v Manini, as noted above, the prosecution argued that since criminal possession of a controlled substance did not require the participation of another, the seller’s conduct could not be "necessarily incidental” to the possession, and the exemption statute did not come into effect. The Court rejected that argument. Penal Law § 220.00 (1) defines "sale” as follows: "1. 'Sell’ means to sell, exchange, give or dispose of to another, or to offer or agree to do the same.” By definition, therefore, a sale involves two parties, the one actually doing the selling or exchanging and "another” who receives or is intended to receive the marihuana. In these cases a sale of marihuana, by virtue of Penal Law § 220.00, requires the existence of another person — the person to whom the transfer is made. In these cases the required "anothers” are the defendants and their conduct in soliciting the sale is, this court finds, "necessarily incidental” to the sales of marihuana they were alleged to intend the police officers to commit. The exemption statute, Penal Law § 100.20, therefore, *863 prohibits, as a matter of law, any finding of guilt in these cases. They are dismissed, pursuant to CPL 170.30 (1) (f) and Penal Law § 100.20.
The District Attorney has alleged in his responding papers on the motions that the accusatory instruments can be interpreted to allege that the conduct constituting a crime that the defendants intended the officers to engage in was the possession of marihuana in a public place open to public view, a crime pursuant to Penal Law § 221.10 (1). A large portion of the factual allegations set forth in the informations charging the above defendants with criminal solicitation in the fifth degree for soliciting the sale of marihuana is virtually identical for each of the defendants and alleges: "That your complainant is a police officer employed by the Rochester Police Department, and that on the above date, time and at the above stated location, the above named defendant(s) with intent that another person engaged [sic] in conduct constituting a crime, he solicited, requested, commanded, importuned or otherwise attempted to cause such other person to engage in such conduct, to wit; the defendant(s) did solicit an undercover police officer to sell the defendant(s) marijuana.” There are no factual allegations contained in the accusatory instrument from which any such request to exhibit marihuana in public view, sufficient to constitute the crime of criminal possession of marihuana, Penal Law § 221.10 (1), can be established. The court finds that no such solicitation to violate Penal Law § 221.10 is alleged in these accusatory instruments. Even if any such facts, as argued, had been alleged, those prosecutions would be preempted as well by the exemption provision set forth in Penal Law § 100.20.
The defendants have alleged, alternatively, that these prosecutions are prohibited because the Legislature, having made possession of small amounts of marihuana noncriminal, could not have intended defendants to face any other prosecution under the Penal Law related to such small amounts of marihuana. This court can find no indication of any such specific legislative intent in the revision of the Penal Law that made the possession of small amounts of marihuana noncriminal. As discussed above, however, the criminal solicitation statutes, particularly the exemption statute, when considered along with the marihuana possession statutes, on these facts, produce the same result.
The defendants have moved to dismiss the informations as defective, pursuant to CPL 170.30 (1) (a); 170.35 (1) (a); 100.40 *864 or 100.40 (4) (b) and (1) (c). The defendants argue that the informations are defective because they do not specify what crime the defendants intended to solicit. They cite People v Bracey (41 NY2d 296 [1977]), a case involving allegations of an attempt to commit a crime, in support of their position. The District Attorney argues that no such specific crime need be set forth, citing People v Mackey (49 NY2d 274 [1980]), among other cases, holding that in burglary cases the People need not specify the crime a defendant intended to commit. The District Attorney also alleges that the informations sufficiently alleged that the defendants solicited an undercover officer to commit the crimes of sale of marihuana in the fifth degree, sale of marihuana in the fourth degree, and/or criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1], unlawful possession of marihuana in a public place).
The court does not accept the District Attorney’s position that, like in burglary cases, the People need only specify some generalized intent to commit a crime, and therefore does not find People v Mackey (49 NY2d 274 [1980], supra) to be controlling. The informations do allege, however, that the defendants solicited the officers to sell them marihuana. Any sale of marihuana is a crime under the New York Penal Law and the court does not believe that the law requires the People, at the pleading stage, to designate whether the sale solicited was a fourth degree sale or a fifth degree sale (a fifth degree sale being one marihuana cigarette or two grams or less of marihuana, a B misdemeanor; sale in the fourth degree being a sale in excess of two grams, or one cigarette, up to a weight of 25 grams, an A misdemeanor).
The People allege in their responding papers that the crime solicited could also be criminal possession of marihuana in the fifth degree, because the defendant(s) were urging the undercover police officers to provide them with marihuana in open view on a public street, in violation of section 221.10. As discussed above, there are no factual or other allegations set forth in the information, however, that would support the People’s argument and the court finds that the informations do not sufficiently allege solicitation of the crime of criminal possession of marihuana in the fifth degree.
The defendants allege, also, that the accusatory instruments are defective in that they do not specify who the defendants allegedly solicited, or what the defendants allegedly did which would constitute the offense. While borderline, the informations sufficiently alleged the defendants’ conduct *865 in a form sufficient to establish the charges of criminal solicitation in the fifth degree. By definition, the crime of criminal solicitation requires only that a communication be made to the person the solicitor wishes to engage in criminal conduct, and that the solicitor at the time of such communication had the intent that such individual engage in criminal conduct as a result of that communication. The court finds that the accusatory instruments sufficiently allege that the defendants committed criminal solicitation in the fifth degree in alleging that the defendants solicited the undercover police officers to sell them marihuana.
ALLEGATIONS THAT DEFENDANTS ATTEMPTED TO BUY
MARIHUANA-TYPE SUBSTANCE, OR FAKE MARIHUANA
The informations charging some of the defendants with criminal solicitation in the fifth degree allege that they attempted to buy a "marihuana-type substance” or "fake” marihuana from undercover police officers.[2] Because the allegations that the defendants "attempted to buy” "marihuana-type substance” or "fake” marihuana do not allege that the defendants solicited any conduct constituting a crime, a necessary element of criminal solicitation, as set forth above, the informations in those cases are dismissed as defective. Had they alleged that the defendants solicited the officers to sell them marihuana, the informations would be dismissible because of the exemption provision in the Penal Law with respect to criminal solicitation charges, as set forth above. Had they alleged an attempt to possess marihuana they would be dismissible as defective because there can be no attempt under the Penal Law to possess marihuana in amounts that would only be chargeable as violations if actually possessed.
CONCLUSION
For the reasons set forth above the charges of criminal solicitation in the fifth degree as against the above defendants are dismissed.

. The defendants Darnell Bentley, Michael Chrzan and Ernest Dodson have charges in addition to criminal solicitation in the fifth degree. This decision and order does not address those charges, which remain pending.

. Those defendants are Christian Cruz, Andrew Englert, Miguel Figueroa, Dorean Francisco, Michael Giglio, Thomas Johnson, Tina Limbeck, Andrew Malkiewicz, Juan Muniz, Michael Payne, Samuel Pedraza, Francis Pendergrass, Manuel Rivera, John Sapp, Robert Stephens, Estaban Vilchez, Ronald Watson, William Wynn, Ricky Brown, Michael Chrzan, Gregory Driscoll, Valerie Elsaw, David Harris, Michael Heberger, Willie Likely and Larry Vanhouter.